# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SANTOS BARAJAS, | ) No. CV 08-02845-SJO (VBK) |
| Petitioner, | ) MEMORANDUM AND ORDER DENYING |
| | ) PETITIONER'S EMERGENCY MOTION/ |
| v. | ) APPLICATION FOR A PRELIMINARY |
| | ) INJUNCTION FOR A TEMPORARY STAY |
| JOHN F. SALAZAR, | ) OF ANY OTHER OR FURTHER OUT-OF- |
| | ) STATE TRANSFERS AND VERIFICATION |
| Respondent. | ) IN SUPPORT THEREOF, PURSUANT TO |
| | ) F.R.C.P. RULE 65, ET SEQ. |

### PROCEEDINGS

On April 30, 2008, Santos Barajas (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" and an "Emergency Motion/Application for a Preliminary Injunction for a Temporary Stay of Any Other or Further out of State Transfers and Verification in Support Thereof, Pursuant to F.R.C.P. Rule 65, et seq." Petitioner, "a foreign national born in Mexico," requests the Court to enjoin the California Department of Corrections officials from transferring Petitioner to an out-of-state prison. (See Motion at 2.)

On May 6, 2008, United States Magistrate Judge Victor B. Kenton issued a Report and Recommendation recommending that the Petition be

dismissed on the grounds that Petitioner has failed to exhaust his state remedies.

On May 9, 2008, an Order was issued returning the case for reassignment from United States District Judge J. Spencer Letts to United States District Judge S. James Otero.

On June 2, 2008, Petitioner filed a document entitled "Motion for Enlargement/Extention [sic] of Time to Object and Answer this Court's Recommended Order or Oder [sic] to Dismiss and Declaration in Support Therefor Pursuant to FRCP Rule 6(b) for a Thirty Day Extention [sic] of Time."

On June 9, 2008, the Court issued a Minute Order granting Petitioner an extension of time to file Objections to the Report and Recommendation up to and including July 7, 2008.

### A. Petitioner's Emergency Motion and Application for a Preliminary Injunction for a Temporary Stay of Any Out-of-State Transfers Should Be Denied.

Petitioner requests the Court to enjoin California Department of Corrections officials from transferring Petitioner to an out-of-state prison.

The traditional criteria for granting a preliminary injunction are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the Petitioner if the injunction is not imposed; (3) the relative balance of the harm to the Petitioner and the harm to the defendant if the injunction is not imposed; and (4) the public interest. Johnson v. California State Board of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995); State of Alaska v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988). An alternative formulation of this

test is whether the party seeking the preliminary injunction demonstrates: (1) probable success on the merits and a possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in his favor. Johnson at 1430; State of Alaska at 1389. Whichever test is used, it must be shown as an "irreducible minimum" that the party seeking the preliminary injunction has a fair chance of success on the merits. Johnson at 1430.

Under either formulation of the test, Petitioner must demonstrate there exists a significant threat of substantial and immediate irreparable injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985). In the absence of a significant showing of irreparability, the Court need not address the likelihood of success on the merits.

Petitioner cannot show that he is likely to prevail in his request to prohibit the California Department of Corrections officials to transfer him to an out-of-state prison. A prisoner does not have a protected liberty interest in remaining at, or preventing a transfer to, a particular facility. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-226 (1976); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).

Petitioner's habeas petition is subject to dismissal on various

//
//
//
//
//

1  grounds as noted in the Report and Recommendation. It cannot be said
2  that Petitioner has demonstrated any likelihood of success on the
3  merits. Therefore, the Emergency Motion for a Preliminary Injunction is
4  **HEREBY DENIED**.

DATED: 6/10/08

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented this 9th day of June, 2008 by:

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE